952 F.2d 1399
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
KEY BANK OF PUGET SOUND, a Washington Banking Corp., as
Trustee for CHRISTIANIA BANK OG KREDITKASS, a Bank
Chartered under the laws of Norway, et
al. Plaintiff,
and
Norma Wolf, Plaintiff-Intervenor-Appellant,
v.
OCEANIDA ONE, INC., Defendant-Appellee.
 No. 90-35856.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 9, 1992.*
Decided Jan. 14, 1992.
 
 Before EUGENE A. WRIGHT, WILLIAM A. NORRIS and CYNTHIA HOLCOMB HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Norma Wolf appeals the district court's judgment in favor of Appellee Oceanida One in this law suit brought against Oceanida under the Jones Act, 48 U.S.C. § 688, for injuries Wolf sustained while serving as a cook on Oceanida's ship, the F/V Oceanida One. The district court had jurisdiction over Wolf's negligence claim under 46 U.S.C. § 688 and over its seaworthiness claim under general maritime law pursuant to Article III, Section 2 of the Constitution. This court has jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 3
 * This case arises out of the actions brought against Oceanida and the Oceanida One to foreclose a ship mortgage on the latter. Wolf intervened in the foreclosure proceedings to state a claim for injuries she sustained while a member of the Oceanida One's crew. On August 7 and 8, 1990, Wolf's claims were tried before the district court. The court concluded that the evidence did not show either that the Oceanida One was unseaworthy or that Oceanida had been negligent. Accordingly, it directed Oceanida to prepare appropriate findings of fact and conclusions of law supporting a judgment in its favor. On September 14, 1990, the district court entered judgment in favor of Oceanida based on those proposed findings and conclusions, which it accepted in full. On November 21, 1991, Judge Dwyer entered final judgment in favor of Oceanida pursuant to Federal Rule of Civil Procedure 54(b).
 
 II
 
 4
 The trial transcript and the district court's findings of fact tell the following story. On the morning of April 5, 1987, the Oceanida One was tied alongside another ship, the F/V Polar Shell, which was moored to the Alcot Dock in Kodiak, Alaska. It was drizzling and cold and snow had been falling. Norma Wolf, a cook on the Oceanida One, requested permission to leave the ship to purchase produce. In order to reach the dock, Wolf first had to cross from the Oceanida One to the Polar Shell and then climb onto the dock ladder from the starboard side of the Polar Shell.
 
 
 5
 Wolf first attempted to reach the ladder by climbing directly over the starboard boat rail in the well deck. When she was unable to reach the ladder, Wolf climbed on top of a pile of scrap plywood that raised her off the deck about 2 1/2 feet, and which she knew might be icy. When Wolf was still unable to reach the ladder, she descended from the plywood, and in the process slipped and strained her knee. Wolf testified that the poop deck offered an "easier and safer" means of egress. It was the means of egress typically used by some other members of the Oceanida crew.
 
 
 6
 Wolf does not challenge any of these findings as erroneous. She challenges only findings number 16 and 17. The former states that Wolf "knew or should have known" that the scraps of plywood piled on junk at an angle was a dangerous condition that she should have avoided when there was a safer way to leave the vessel. The latter states that her actions were the "sole cause of her injury." Wolf also challenges the court's legal conclusions based on these findings, specifically that in choosing to climb on the plywood Wolf did not act reasonably and that her actions were the proximate cause of her own injuries.
 
 III
 
 7
 Wolf's "Statement of Issues Presented for Review" declares that the only issue is whether the district court erred in finding that her own conduct was the sole cause of her injuries. She claims that the court's error was to enter judgment in favor of Oceanida based on conclusions that Wolf " 'assumed the risk of her employment' " and that she "had a duty to select a 'more correct' way to do her work," rather than on findings that the Oceanida One and Polar Shell were seaworthy and that Oceanida was not negligent.
 
 
 8
 Wolf has simply misstated the court's findings. First, the court did indeed find that the Oceanida and Polar Shell were seaworthy and that Oceanida was not negligent. The court's Finding of Fact No. 18 states that "there was a reasonable and safe means of egress from defendant F/V Oceanida One and F/V Polar Shell by way of the stern deck of F/V Polar Shell." Thus the court found that the ships provided seaworthy means of egress. The court's Conclusion of Law No. 1 states that Oceanida did not breach its "duty to provide a reasonable and safe means to egress the vessel." Thus the court found that Oceanida was not negligent.
 
 
 9
 On the other hand the court nowhere concluded that Wolf assumed the risk of her employment or that she had a duty to select a "more correct" way to do her work. Finding of Fact No. 16 states that Wolf acted unreasonably by standing on the icy plywood when there was a safer way to depart the ship. Conclusion of Law No. 3 states that her conduct was the sole proximate cause of her injuries. While a seawoman does not assume the risk of her employment, she does have an obligation to act reasonably. Her failure to do so is not eviscerated by the doctrine of seaworthiness. See Peymann v. Perini Corp., 507 F.2d 1318, 1322 (1st Cir.1974), cert. denied, 421 U.S. 914 (1975).
 
 
 10
 Wolf does not challenge the court's findings regarding seaworthiness and negligence. Her failure to do so renders her arguments with respect to the court's findings regarding causation and the reasonableness of her conduct irrelevant. If the ships were seaworthy and Oceanida was not negligent then there is no basis for Oceanida's liability. Wolf offers us no grounds upon which to reverse the district court's judgment. That judgment is therefore
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3